# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

ANDRES GOMEZ,
     Plaintiff,

          v.

TRIBECCA, INC., et al.,
     Defendants.

CV 20-6894 DSF (AFM)

Order DENYING Plaintiff's
Motion for Summary Judgment
(Dkt. 24)

Plaintiff Andres Gomez moves for summary judgment on all
claims brought against Defendant Tribecca, Inc.  Dkt. 24 (Mot.).
Tribecca opposes.  Dkt. 25 (Opp'n).  The Court deems this matter
appropriate for decision without oral argument.  See Fed. R. Civ. P. 78;
Local Rule 7-15.  The motion is DENIED.

## I. BACKGROUND

Gomez states he "considers himself to be 'visually-impaired' or
'blind' and he understands that he meets the definition for those terms"
because he is "substantially limited in his ability to see" and "has a
visual acuity of less than 20/200."  UF ¶ 4.[1]  Gomez asserts he has blind
spots, flashes, and blurriness in his field of vision.  Id. ¶ 45.

---

[1] Citations to UF refer to "Plaintiff's Separate Statement of Facts in Support
of Motion for Summary Judgment," dkt. 25-1, which incorporates Gomez's
proposed uncontroverted facts and Tribecca's responses to those facts, and

Gomez claims he "relies on screen reader software ('SRS') to access the internet and read internet content on his computer and mobile devices."  Id. ¶ 5.  Gomez states "[t]he SRS helps him navigate a webpage by translating into speech all of the text, links and images that appear on the webpage" and "[h]e is proficient at using SRS and cannot use a computer without the assistance of SRS."  Id.

Tribecca owned and operated 699 Rent A Car, which had several physical locations in July 2020 including locations at 11223 Venice Blvd, West Los Angeles, California; 1415 N. La Brea Ave, Hollywood, California; 14339 Victory Blvd, San Fernando Valley, California; and 11616 Amigo Ave, Porter Ranch, California.  Id. ¶ 1.  Tribecca operated the website for 699 Rent A Car at https://www.699rentacar.com (the Website).  Id. ¶ 2.

Gomez claims he visited the Website on July 1, 2020 "to look at the vehicle rental prices, browse car rental information, and look for any special offers and promotions."  Id. ¶¶ 11-12.  Gomez asserts he lives in both Florida and California and was planning to find a rental car for his girlfriend to drive them around on a trip back to California. Id. ¶¶ 13-14.

Gomez states he first tried to access the Website on his PC but "found that there were numerous features on the Website that he could not use and understand using his SRS."  Id. ¶ 15.  Gomez says, "For example, [he] is able to see some of the text on a webpage if he is able to

---

"Defendant's Statement of Material Disputed Facts and Conclusions of Law," dkt 26-1, which incorporates Tribecca's proposed uncontroverted facts and Gomez's responses to those facts.  To the extent certain facts are not mentioned in this Order, the Court has not relied on those facts in reaching its decision.  To the extent the Court cites to a disputed fact, the Court has found the dispute was not valid or was irrelevant, unless otherwise indicated. The Court has independently considered the admissibility of the evidence and has not considered facts that are irrelevant or based on inadmissible evidence.

enlarge the font to a big enough size.  However, when he first landed on the Website, he could not find a button, link, or function to adjust the font." Id. ¶ 16.  Further, Gomez asserts he "immediately noticed the colors on the webpage provided very low contrast, which made it even more difficult for him to differentiate the background of the Website from the text and images." Id. ¶ 17.  Gomez explains this is because "[t]he more contrast the colors provide, the more he is able to differentiate the various parts of the webpage.  For example, websites that have a dark background and white text are easier for him to navigate." Id.

Gomez claims he "tried to navigate the webpage using the directional arrows on his keyboard" but "found that there were several images, links and buttons on the Website that did not have any information for his SRS to describe to him.  As a result, he could not figure out what information the images were conveying – if anything – or what the different links and buttons led to." Id. ¶ 18.  Because of this and other issues, Gomez asserts he "could not meaningfully navigate the Website to get information or conduct a search." Id. ¶ 22.  Gomez states he had the same issue when trying to access the Website on his phone.  Id. ¶ 23.

Gomez has never identified a treating or diagnosing eye specialist in this litigation and instead identified a primary care physician.  Id. ¶ 46.  Gomez has refused to produce evidence of a diagnosis or treatment of his alleged disability on the basis of privacy.  Id. ¶ 47.  Gomez states he is "able to see some of the text on a webpage if he is able to enlarge the font to a big enough size," id. ¶ 50, and able to discern colors, id. ¶ 51.

Gomez alleges that as a result of his experience with the Website, he has been deterred from returning to the Website to get information about available rental vehicles.  Id. ¶ 24.  Gomez states he travels back and forth between his homes in Florida and California on a regular basis and wants to visit the Website again so he can search for rental cars when he returns to California, but will be unable to do so if the issues with the Website are not resolved.  Id.

## II. LEGAL STANDARD

"A party may move for summary judgment, identifying each claim or defense – or the part of each claim or defense – on which summary judgment is sought.  The court shall grant summary judgment if the movant shows there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(a).  "This burden is not a light one."  In re Oracle Corp. Sec. Litig., 627 F.3d 376, 387 (9th Cir. 2010).  "[T]he burden on the moving party may be discharged by 'showing'—that is, pointing out to the district court—that there is an absence of evidence to support the nonmoving party's case."  Celotex Corp. v. Catrett, 477 U.S. 317, 325 (1986).  If the moving party satisfies this burden, the party opposing the motion must set forth specific facts, through affidavits or admissible discovery materials, showing that there exists a genuine issue for trial.  Id. at 323-24; Fed. R. Civ. P. 56(c)(1).

"Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment."  Id. at 248.  "[T]he inferences to be drawn from the underlying facts must be viewed in the light most favorable to the party opposing the motion."  Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587-88 (1986) (citation and ellipsis omitted).

## III. DISCUSSION

Gomez moves for summary judgment as to both his Americans with Disabilities Act (ADA) claim and his Unruh Civil Rights Act claim.  Tribecca argues summary judgment is not appropriate because there is a dispute as to whether Gomez is disabled, Gomez has not described how the conditions of the property affected his ability to patronize the Website, there is no evidence Gomez has ever rented a vehicle and no evidence of a bona fide intent to patronize the Website, and the Court should decline to exercise supplemental jurisdiction over the remaining state claims because the web surfing occurred in Florida.

## A.     Evidentiary Objections

"A district court's ruling on a motion for summary judgment may only be based on admissible evidence." Oracle, 627 F.3d at 385.  A party seeking to admit evidence bears the burden of proof to show its admissibility.  Id.  "At the summary judgment stage, [the Court does] not focus on the admissibility of the evidence's form.  [The Court] instead focus[es] on the admissibility of its contents." Fraser v. Goodale, 342 F.3d 1032, 1036 (9th Cir. 2003).

Both parties object to certain pieces of evidence as irrelevant. See dkts. 25-2, 26-1.  Generally, an objection to evidence on the ground that it is "irrelevant . . . [is] duplicative of the summary judgment standard itself" and thus "redundant" and unnecessary to consider here.  Burch v. Regents of Univ. of Cal., 433 F. Supp. 2d 1110, 1119 (E.D. Cal. 2006); see also Anderson, 477 U.S. at 248 ("Factual disputes that are irrelevant or unnecessary will not be counted.").

Tribecca also objects to statements in Gomez's declaration as violating the Court's standing order and lacking personal knowledge. Dkt. 25-1 ¶ P4.  The Court agrees Gomez includes multiple statements of fact in one paragraph in violation of the Court's standing order but does not disregard evidence on this basis alone.  Further, Gomez can testify as to his own visual acuity, but the Court will consider that Gomez provides only his own declaration, as opposed to any medical proof, to support his disability in determining whether there are outstanding disputes of material fact.

## B.     Gomez's Disability

Tribecca first argues summary judgment should be denied because there is a genuine dispute of fact as to whether Gomez is disabled.  Opp'n at 8-12.  The ADA prohibits discrimination on the basis of disability.  42 U.S.C. § 12182(a).  It follows that Gomez must qualify as a disabled individual in order to allege an injury that is protected by the ADA.  Chapman v. Pier 1 Imps. (U.S.) Inc., 631 F.3d 939, 952 (9th Cir. 2011) ("An ADA plaintiff suffers a legally cognizable injury under the ADA if he is 'discriminated against on the basis of

disability in the full and equal enjoyment of the goods, services, [or] facilities . . . of any place of public accommodation.'" (alterations in original) (quoting 42 U.S.C. § 12182(a))).  The ADA defines "disability," in pertinent part, as "a physical or mental impairment that substantially limits one or more major life activities of [an] individual." 42 U.S.C. § 12102(1).  This includes an impairment that is episodic . . . if it would substantially limit a major life activity when active."  Id. § 12102(4)(D).  The ADA instructs courts to construe this definition "in favor of broad coverage of individuals."  Id. § 12102(4)(A).

Gomez declares he is "substantially limited" in his ability to see and has a visual acuity of less than 20/200.  Dkt. 24-3 ¶ 2.  Therefore he "consider[s] [himself] 'visually-impaired' or 'blind' and [he] understand[s] that [he] meet[s] the definition for those terms."  Id.  The only proof Gomez submits in support of his claim of disability, however, is his own declaration.  Absent from the record is any corroborating evidence such as medical records.  Additionally, although Gomez states he has a Florida-issued disabled persons placard and produced it to Tribecca, dkt. 26 at 2, Gomez has not produced any evidence of his placard to the Court in this motion.

A formal diagnosis of a particularized medical condition is not always necessary to prove a disability.  In Head v. Glacier Northwest Inc., the Ninth Circuit held that "Ninth Circuit precedent does not require comparative or medical evidence to establish *a genuine issue of material fact* regarding the impairment of a major life activity at the summary judgment stage."  413 F.3d 1053, 1062 (9th Cir. 2005) (emphasis added), overruled on other grounds by Murray v. Mayo Clinic, 934 F.3d 1101 (9th Cir. 2019).  Rather, in contesting a *defendant's* motion for summary judgment, a plaintiff need only make a "minimal showing" that he has a "substantial impairment" affecting a major life activity.  Id.  However, the Ninth Circuit did not specify what type of evidence is necessary for a plaintiff to prove a disability on his own motion for summary judgment.

Other circuits have held medical evidence is not necessary at the summary judgment stage when the injuries would be obvious to a lay

jury.  For example, in <u>Tesone v. Empire Mktg. Strategies</u>, the Tenth Circuit held that injuries not "susceptible to observation by an ordinary person" must "be proved by the testimony of medical experts," including an impairment that is "rare or of such character as to require skilled and professional persons to determine the cause and extent thereof." 942 F.3d 979, 996-998 (10th Cir. 2019) (quotation marks omitted).  In <u>Tesone</u>, the Tenth Circuit differentiated between something like a back injury and avascular necrosis, a rare bone condition, to illustrate this principle.  <u>Id.</u> at 999.

Other circuits have similarly differentiated between injuries that are easily comprehensible to a lay jury and those that are not.  <u>See Mancini v. City of Providence</u>, 909 F.3d 32, 42 (1st Cir. 2018) ("medical evidence was not required to establish that [the plaintiff's] knee injury constituted an impairment" because "a lay jury can fathom [a knee injury] without expert guidance"); <u>Marinelli v. City of Erie, Pa.</u>, 216 F.3d 354, 361 (3d Cir. 2000) (plaintiff's "failure to present medical evidence of his impairment, in and of itself, [did] not warrant judgment as a matter of law in favor of" defendant because plaintiff's "alleged medical difficulties (i.e., arm and neck pain) are among those ailments that are the least technical in nature and are the most amenable to comprehension by a lay jury").

"Whether medical evidence is necessary to support a disability discrimination claim is a determination that must be made on a case-by-case basis."  <u>Mancini</u>, 909 F.3d at 39.  Here, the Court determines that medical evidence is necessary.  Although blindness is a condition a jury ostensibly can understand, Gomez's particular visual impairments are more complicated.  Gomez is not wholly blind, but instead asserts he has blind spots, flashes, and blurriness in his field of vision.  UF ¶ 45.  Gomez states he is "able to see some of the text on a webpage if he is able to enlarge the font to a big enough size," <u>id.</u> ¶ 50,  and able to discern colors, <u>id.</u> ¶ 51.  Further, he has never identified a treating or diagnosing eye specialist and instead has identified a primary care physician.  <u>Id.</u> ¶ 46.  Gomez has refused to produce evidence of diagnosis or treatment of his alleged disability on the basis of privacy. <u>Id.</u> ¶ 47.

Gomez's condition requires medical evidence to determine whether it "substantially limits" one or more of his major life activities, 42 U.S.C. § 12102(1), and is not easily understandable by a lay person. This precludes a grant of summary judgment at this stage.

The Court does not doubt that had Tribecca moved for summary judgment asserting Gomez was not disabled, Gomez's testimony would have been sufficient to establish a genuine issue of material fact existed as to his disability. However, that is not the procedural posture here. Gomez has the burden of establishing that he has a disability, and he has not met that burden. There are contested issues of material fact as to whether Gomez is disabled under the ADA. The question of whether Gomez is disabled is therefore best left to the jury. Because the Court finds Gomez has not carried his burden to prove his disability, it does not consider Tribecca's remaining arguments as to Gomez's ADA claim. The Court DENIES summary judgment on Gomez's ADA claim.

## C.   Unruh Act Claim

In addition to his ADA claim, Gomez alleges an Unruh Act claim against Tribecca. Dkt. 1 ¶¶ 41-45. In the disability context, the Unruh Act "operates virtually identically to the ADA." Molski v. M.J. Cable, Inc., 481 F.3d 724, 731 (9th Cir. 2007). "Any violation of the ADA necessarily constitutes a violation of the Unruh Act." Id. (citing Cal. Civ. Code § 51(f)). For Unruh Act claims not premised on an ADA violation, a plaintiff must prove intentional discrimination in public accommodations. Munson v. Del Taco, Inc., 46 Cal. 4th 661, 664-65 (2009).

Gomez does not make any arguments as to intentionality in his motion. Instead, he states, "[b]ecause Defendant violated Plaintiff's rights under the ADA, as discussed above, Defendant also violated Plaintiff's rights under the Unruh Civil Rights Act." Mot. at 14. The Court interprets this as Gomez arguing summary judgment is appropriate only as to Unruh Act violations premised on ADA violations. Because the Court denied Gomez's motion as to the ADA, it also DENIES the motion as to his Unruh Act claim.

## IV. CONCLUSION

Gomez's motion for summary judgment is DENIED.

IT IS SO ORDERED.

Date: September 9, 2021

Dale S. Fischer
United States District Judge