**LEWIS BRISBOIS BISGAARD & SMITH LLP**
STEPHEN E. ABRAHAM, SB# 172054
 E-Mail: Stephen.Abraham@lewisbrisbois.com
650 Town Center Drive, Suite 1400
Costa Mesa, CA 92626
Telephone: 714.668.5562
Facsimile: 714.850.1030

**LEWIS BRISBOIS BISGAARD & SMITH LLP**
MELISSA T. DAUGHERTY, SB# 227451
 E-Mail: Melissa.Daugherty@lewisbrisbois.com
633 West 5th Street, Suite 4000
Los Angeles, California 90071
Telephone: 213.250.1800
Facsimile: 213.250.7900

Attorneys for Defendant Tribecca, Inc.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| Andres Gomez,<br><br>    Plaintiff,<br><br>vs.<br><br>Tribecca, Inc., a California Corporation; and Does 1-1<br><br>    Defendants. | CASE NO. 2:20-CV-06894-DSF-AFM<br><br>**DEFENDANT'S BRIEF REGARDING MOTIONS FOR JUDGMENT AFTER TRIAL**<br><br>Trial: December 14, 2021<br><br>Hon. Dale S. Fischer |
|---|---|

Defendant Tribecca, Inc. ("**Defendant**") herewith submits its brief as to its motions, following the submission of evidence and concluding of trial, for judgment in its favor as to the federal claim on the grounds of standing and as to the state-law claim on the grounds that such claim is barred as a matter of law.

This brief does not address the separate matter of whether judgment should be entered in favor of Defendant based on Plaintiff's failure to prove his case that is more fully set forth in Defendant's Proposed Findings of Fact and Conclusions of Law filed concurrently.

**LEWIS BRISBOIS BISGAARD & SMITH LLP**
ATTORNEYS AT LAW

# TABLE OF CONTENTS

I. INTRODUCTION AND SUMMARY ......................................................... 1

II. RELEVANT FACTS ................................................................................... 1

    1. Facts Relating to Plaintiff's Location ..................................................... 1

    2. Facts Relating to Plaintiff's Visits to Car Rental Websites Including Defendant's Website ............................................. 1

    3. Facts Relating to Plaintiff's Trips to California ..................................... 3

    4. Facts Relating to Defendant's Car Rental Locations ............................. 4

III. PLAINTIFF'S LACK OF STANDING ....................................................... 4

IV. PLAINTIFF'S LACK OF A BASIS FOR UNRUH ACT DAMAGES ...................................................................................................... 7

V. CONCLUSION ............................................................................................ 8

# I.
# INTRODUCTION AND SUMMARY

Plaintiff claims to be legally blind. In 2020, from the comfort of his residence in Miami, Florida, Plaintiff claims to have visited Defendant's website, a car rental company with only two locations in Southern California. At about that same time, Plaintiff visited other car rental companies in California. He sued all of them claiming their respective websites were not accessible.

Of significance, Plaintiff never traveled from Florida to California in 2020, only once for two months in 2021, stayed with his aunt, was driven by his girlfriend in a car rented in Florida, and in those two years never patronized Defendant's business or any other car rental company located in California.

Of particular significance to Plaintiff's state claim, he never visited Plaintiff's website other than one time while in Florida.

As set forth below, based on the evidence at trial, Plaintiff lacks standing as to his federal claim based on the absence of an injury in fact and absence of a basis for injunctive relief. Plaintiff's state claim fails as a matter of law because a visit in Florida to a website cannot give rise to a claim under California's Unruh Act.

# II.
# RELEVANT FACTS

1. **FACTS RELATING TO PLAINTIFF'S LOCATION**

Plaintiff was located in Miami, Florida on the day of trial. **Trial Transcript ("TT") 81:22-23.** Plaintiff was physically located in Miami, Florida on July 1, 2020 – the day he alleged he went to Defendant's website. **TT 81:24-82:5.** Plaintiff never accessed Defendant's website while in California. **TT 82:10-11.**

2. **FACTS RELATING TO PLAINTIFF'S VISITS TO CAR RENTAL WEBSITES INCLUDING DEFENDANT'S WEBSITE**

Plaintiff alleged he went to Defendant's website on July 1, 2020. **TT 81:24-82:5.** While claiming he could not rent a car from Defendant's website, he was

able to rent cars from Enterprise or Alamo in 2020. **TT 88:15-19.** He denied that not being able to rent a car from Defendant was a reason for not traveling to California. **TT 88:20-25.** The last time Plaintiff visited a website and rented a car was in 2019. **TT 91:21-92:4.** He claimed he might have done so later but had no documents and could remember no details of such event. **TT 92:5-9.**

When Plaintiff claimed to be on Defendant's website, his girlfriend was doing housework elsewhere. **TT 95:13-21.** He did not ask her for any assistance (**TT 95:22-24**) and could not remember if he had told her of his experience. **TT 95:25-96:2.** He did not take any screenshots or photographs of the website despite having his cellphone with him at the time. **TT 96:6-18.** Plaintiff never returned to Defendant's website after July 1, 2020. **TT 82:6-9.**

Plaintiff admitted to going to a number of other car rental companies, each of which he sued (**Exhibit 110** (Complaint, Gomez v. 777 Exotic Car Rentals), **Exhibit 111** (Complaint, Gomez v. California Rent-A-Car), **Exhibit 112** (Complaint, Gomez v. Yesaway Operations, Inc.), **Exhibit 113** (Complaint, Gomez v. Payless), **Exhibit 114** (Complaint, Gomez v. Midway Rent-A-Car)), but could not remember if he visited them the same day or the order in which he visited them. **TT 98:2-100:25.**

Each of the foregoing complaints filed between July 30 and August 14 allege in consistent form an "intent to check out the vehicle rental prices, Car Rental information, special offers and promotions." **Exhibits 110-114 at ¶16.**

While claiming he could not rent a car from any of the rental companies, Plaintiff admitted he could have gone but did not go to Enterprise or Alamo to rent a car. **TT 101:1-10.** Based on Plaintiff's prior experience, he would have been able to rent a car from Enterprise or Alamo. **TT 101:16-19.**

Prior to filing lawsuits against each of the car rental companies, Plaintiff did not contact any of the companies regarding his experience. **TT 109:3-12.**

### 3. FACTS RELATING TO PLAINTIFF'S TRIPS TO CALIFORNIA

Plaintiff claimed to live in California half of the year. **TT 110:21-111:4.** Plaintiff was last in California in March 2021. **TT 82:12-15.** Plaintiff stayed with his girlfriend at his aunt's house (**TT 82:16-19**) for two months, during March and April 2021. **TT 89:16-23.** Plaintiff had not returned to California after May 2021 (**TT 89:24-25**) and aside from the two months had not been in California at any other time in 2020 and 2021. **TT 90:10-19.**

As to the one trip in 2021, Plaintiff testified his girlfriend drove a car but initially could not remember what car she used. **TT 82:20-25.** However, after his memory was refreshed regarding a deposition taken on July 9, 2021 in another case, Plaintiff recalled that his girlfriend had rented a car in Florida that she drove while they were in California. **TT 83:14-25.**

Plaintiff did not travel to California in 2020 because of the pandemic and other health issues. **TT 84:1-8.** He was aware of the pandemic and everything shutting down in the beginning of March [2020]. **TT 84:15-25.**

While stating that things were getting better in the Summer, Plaintiff testified that he understood California was shutting more things down. That, coupled with his health issues, led him to decide to go visit his family in California the next year [2021]. **TT 85:11-20.** The most serious issue, the main factor for his deciding not to travel to California in 2020 was his health. **TT 85:21-86:7.** That coupled with the pandemic led him to decide he would not "risk it." **TT 86:8-14.** Plaintiff made no definite plans to travel in August or September of 2020. **TT 105:1:4.** He made no airline reservations (**TT 105:5-7**) nor buy a train ticket. **TT 105:8-10** He did not speak to his girlfriend of preparing for a trad trip during that time. **TT 105:11-14.**

The trip in 2021 took three days during which Plaintiff and his girlfriend stayed in hotels each evening. **TT 105:15-23.** In 2020, Plaintiff did not make any reservations nor go to any hotel website to look for lodging. **TT 105:25-106:7.**

4. **FACTS RELATING TO DEFENDANT'S CAR RENTAL LOCATIONS**

Defendant Tribecca Rent-A-Car has two locations, one at 1415 N. La Brea Avenue, Los Angeles ("Brea Location") (**Exhibit 108**), the other at 14339 Victory Blvd., Van Nuys ("Van Nuys Location"). **Exhibit 109**.

The La Brea location is approximately 20 miles from El Monte (**Exhibit 108, pg 2**), where Plaintiff's aunt lives. **TT 112:6-12, 113:1-3.** Plaintiff was pretty sure there were other car rental companies closer to El Monte (**TT 113:4-11**), including in Los Angeles, Pasadena, South Pasadena, and North Hollywood. **TT 113:12-22.**

The Van Nuys location is approximately 30 miles from El Monte. **Exhibit 109, pg 2.** Regarding the Van Nuys Location, Plaintiff agreed there were likely car rental companies located closer, in Glendale, Pasadena, or Alhambra. **TT 114:16-115:5.**

Plaintiff offered no evidence at trial of his having visited any physical location of Defendant's business. Plaintiff offered no evidence of his having rented any vehicles from 777 Exotic Car Rentals, California Rent-A-Car, Inc., Yesaway Operations, Payless Car Rental, or Midway Rent A Car, Inc. Plaintiff offered no evidence of his having rented any vehicle at any time.

### III.

### PLAINTIFF'S LACK OF STANDING

At the time Plaintiff filed his complaint (July 31, 2020), he had no definite plans to visit California. He made no arrangements for travel, whether by plane, train, or automobile. Plaintiff did not rent a car from any California business in 2020. In fact, Plaintiff did not even travel to California in 2020. Rather, he was driven by his girlfriend from Florida to California in March of 2021; the two of them stayed with his aunt at her home in El Monte for 2 months before returning to Florida. Plaintiff does not remember the last time he rented a car but it was not in 2020 nor in 2021. So much for Plaintiff's claims regarding the professed desire to

rent a car. Plaintiff did not intend to patronize Defendant's business and there was nothing meaningful about his exploration of Defendant's website other than to support the claim that some day he might be in California and rent a car.

A plaintiff must have Article III standing to obtain relief under the ADA. See *Chapman v. Pier 1 Imports (U.S.) Inc.*, 631 F.3d 939, 946 (9th Cir. 2011) (en banc). To establish Article III standing, a plaintiff must have suffered an injury in fact that is both concrete and particularized as well as actual or imminent; there must be a causal connection between the injury and conduct complained of; and it must be likely, not speculative, that the injury can be redressed by a favorable decision. *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560-61 (1992); *Pickern v. Holiday Quality Foods, Inc.*, 293 F.3d 1133, 1137 (9th Cir. 2002).

Moreover, a plaintiff seeking injunctive relief under the ADA must show a real and immediate threat of repeated injury in the future. *Chapman*, 631 F.3d at 946. Courts assess standing at the time of filing, and the plaintiff bears the burden of establishing standing. *Friends of the Earth, Inc. v. Laidlaw Env't Servs. (TOC), Inc.*, 528 U.S. 167, 180 (2000); *Chapman*, 631 F.3d at 946.

"Demonstrating an intent to return to a noncompliant accommodation is but one way for an injured plaintiff to establish Article III standing to pursue injunctive relief." *Chapman*, 631 F.3d at 949; *D'Lil v. Best Western Encina Lodge & Suites*, 538 F.3d 1031, 1037 (9th Cir. 2008). Where the plaintiff is "indifferent to returning" or if their "alleged intent to return is not genuine," no imminent threat exists. *Chapman*, 631 F.3d at 953.

"Courts often examine four factors to determine whether a plaintiff had an intent to return: (1) the proximity of the place of public accommodation to plaintiff's residence, (2) plaintiff's past patronage of defendant's business, (3) the definitiveness of plaintiff's plans to return, and (4) the plaintiff's frequency of travel near defendant." *Antonio v. Vanareth Kim Yi*, No. 14-04323, 2015 WL 13603781, at *2 (C.D. Cal. Mar. 4, 2015) (collecting cases). Weighing each of the foregoing

factors, Plaintiff does not come close to meeting his burden of demonstrating a basis for standing. There is <u>nothing</u> plausible about Plaintiff's story from start to finish.

At the time he visited Defendant's auto rental website, he had no definite plans to visit California. He had made no arrangements for a cross-country visit. In fact, based on his health and the pandemic, the only thing certain in July of 2020 was that he was going nowhere and certainly not across the country. Even taking into consideration the one trip he took in 2021, his claim of any interest in patronizing Defendant's business is not credible nor even plausible. His girlfriend drove a car rented in Florida, he did not describe any interesting in renting a second car, and even were he to have considered doing as much, neither of Defendant's two car rental locations were anywhere close to where he was staying in El Monte. Plaintiff has never rented a car from Defendant's business. He identified no business from which he has rented a car in years. He could think of no reason why he would travel from El Monte to either of Defendant's locations to rent a car. And notably absent from Plaintiff's testimony at trial was any statement of an intent to return to California at any time in the future, let alone at a definite point in the near future.

Where all four factors weight strongly against finding an intent to return, this Court must conclude that Plaintiff's stated intent to patronize Defendant's business is not genuine and never was. See *Harris v. Stonecrest Care Auto Ctr., LLC*, 472 F. Supp. 2d 1208, 1216 (C.D. Cal. 2007) ("[a]ll four factors, in varying degrees, weigh against finding Plaintiff has standing in this case"); *Molski v. Kahn Winery*, 405 F. Supp. 2d 1160, 1168-69 (C.D. Cal. 2005) ("all factors weigh heavily against finding standing in this case").

Based on the foregoing, this Court lacks jurisdiction to hear Plaintiff's case that must be dismissed with prejudice.

# IV.

## PLAINTIFF'S LACK OF A BASIS FOR UNRUH ACT DAMAGES

The undisputed evidence is that Plaintiff was in Florida when he "visited" Defendant's website. He never accessed the website from a computer in California. Simply stated, the California Unruh Act is not extraterritorial. The encounter occurs where the computer is located. And where the encounter is outside of California, a claim cannot be brought under the Unruh Act.

Plaintiff's demand for money under the Unruh Act is wrong. It is wrong in every conceivable way, not least of which is that Plaintiff fails to mention *the* most important prerequisite to a violation of the Unruh Act. … the act must have occurred *in* California. And when it comes to website claims, the computer accessing the website must have been located in California at the time of the encounter.

In *Strojnik v. Orangewood LLC*, Case No. 19-cv-00946-DSF, 2019 U.S. Dist. LEXIS 213103 (Aug. 8, 2019), this very court discussed the matter, unequivocally stating:

> It is well-settled that the Unruh Act applies only within California. *Loving v. Princess Cruise Lines, Ltd.*, Case No. 08-2898, 2009 U.S. Dist. LEXIS 130477, 2008 WL 7236419, at *2546 (C.D. Cal. 2009) (citing cases). In the context of websites, district courts in the Ninth Circuit have determined that the alleged injury occurs in the place where the plaintiff visited the website. See, e.g., *Brooke v. Hotel Inv. Grp., Inc.*, No. 2:17-CV-2527-HRH, 2017 U.S. Dist. LEXIS 150717, 2017 WL 4124042, at *3 (D. Ariz. Sept. 18, 2017) ("Plaintiff was in Arizona when she attempted to book a room reservation on defendant's website. The alleged injury, plaintiff's inability to book an ADA-accessible room on defendant's website, took place in Arizona, not in California.").

As stated in *Loving v. Princess Cruise Lines,* "Plaintiffs' state law claims also do not have extraterritorial reach. It is well-settled that the Unruh Act applies only within California. See, e.g., *Archibald v. Cinerama Hawaiian Hotels, Inc.*, 73 Cal.App.3d 152, 159 (1977) ("[The Unruh Act] by its express language applies only within California."); *Chaplin v. Greyhound Lines, Inc.*, 1995 U.S. Dist. LEXIS 9478, 1995 WL 419741, at *5 (N.D. Cal. July 3, 1995)."

Regarding the analysis, this Court correctly observed the rule well established that the injury occurs where the plaintiff visited the website, meaning where the computer is located. *Strojnik v. Orangewood LLC*, 2019 U.S. Dist. LEXIS 213103, *11; *Brooke v. RIHH LP*, 2020 U.S. Dist. LEXIS 27266 at * FN2 (N.D. Cal. Feb. 18, 2020).

This Court was right and Plaintiff's claim fails as a matter of law. Plaintiff stated in discovery responses that his computer was at his <u>home in Miami, Florida</u> when he allegedly visited Defendant's website. He testified to as much at trial. The evidence establishes that Plaintiff was and is a resident of Florida and was in Florida when the website encounter allegedly occurred. That ends the inquiry. No matter what the disposition of any other claim, Plaintiff's Unruh Act claim must fail.

## V.
## CONCLUSION

On the basis of the foregoing, Defendant submits that Plaintiff lacks standing to pursue his federal claim that must be dismissed with prejudice and, were this Court to reach the state claim, that Defendant is entitled to judgment as a matter of law.

DATED: January 31, 2022          LEWIS BRISBOIS BISGAARD & SMITH LLP

By:   */s/ Stephen E. Abraham*
      Stephen E. Abraham
      Melissa T. Daugherty
      Attorneys for Defendant Tribecca, Inc.